UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SHEA AARON NUBBS,
Plaintiff,

v.

SAN MATEO COUNTY SHERIFF DEPUTY COLEMAN, et al.,
Defendants.

Case No. 26-cv-07630-SVK

**ORDER OF SERVICE; INSTRUCTIONS TO CLERK**

## INTRODUCTION

Plaintiff,[1] an inmate in the San Mateo County Jail, filed this pro se civil rights complaint under 42 U.S.C. § 1983 against San Mateo County Sherriff's Deputy Coleman and other unnamed correctional officers at the jail.[2] Plaintiff's application to proceed *in forma pauperis* is granted in a separate order. For the reasons explained below, the complaint is ordered served upon Defendant.

## STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901

---

[1] Plaintiff consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (ECF No. 5.)

[2] The complaint indicates Plaintiff wants to sue additional unnamed officers at the jail. (ECF No. 1 at 1 (listing "officers" in caption), 2 (same), 3 (alleging Coleman "and a few of his coworkers were involved in assaulting me"). Because they are unnamed, they are referred to as "Doe" defendants. To add them to this lawsuit, Plaintiff must file an amended complaint that identifies them as defendants by name and alleges how they were involved in the alleged violation of his rights.

F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**LEGAL CLAIMS**

Plaintiff alleges Defendant Sherriff's Deputy Coleman and "a few of his coworkers" assaulted him. (ECF No. 1 at 3.) He alleges Coleman "suspended" him in the air by the handcuffs, and swung his head into the stairs, riot shield and doorframes. (*Id.*) He was moved into an elevator where his wrist was broken, and his genitals were "squeezed." (*Id.*) He was then left overnight in a holding cell with bleeding from his head and a broken wrist with inadequate medical attention and no pants, socks, or shoes. (*Id.*)

It is not clear from the complaint whether Plaintiff had been convicted when the force was allegedly applied. *See Graham v. Connor*, 490 U.S. 386, 395 n.10. (1989) (pretrial detainee protected from use of excessive force by Due Process Clause of Fourteenth Amendment); *Whitley v. Albers*, 475 U.S. 312, 319 (1986) (after conviction, "the unnecessary and wanton infliction of pain" by a correctional officer "constitutes cruel and unusual punishment forbidden by the Eighth Amendment"). In either case, when liberally construed, Plaintiff's allegations state plausible

claims against Coleman for using excessive force in violation of his constitutional rights.

It appears from the complaint Plaintiff may want to sue additional, unnamed correctional officials. (*See* ECF No. 1 at 1 (listing "officers" in caption), 2 (same), 3 (alleging Coleman "and a few of his coworkers were involved in assaulting me"). If Plaintiff wishes to add other defendants to this lawsuit, he must file an amended complaint that identifies each defendant by name and alleges sufficient facts about how they were involved in the violation of his constitutional rights to state a plausible claim for relief against them.[3]

**CONCLUSION**

For the foregoing reasons,

1. The Clerk shall issue a summons and the United States Marshal shall serve, without prepayment of fees, the summons, a copy of the complaint with attachments, and a copy of this order on Defendant San Mateo County Sherriff's Deputy Coleman at the San Mateo County Jail.

The Clerk shall also mail a courtesy copy of the first amended complaint with all attachments and a copy of this order to the San Mateo County Counsel's Office.

2. Defendant shall file an answer in accordance with the Federal Rules of Civil Procedure.

3. To expedite the resolution of this case:

a. No later than **December 4, 2026,** Defendant shall file a motion for summary judgment or other dispositive motion. The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56, and shall include as exhibits all records and incident reports stemming from the events at issue. If Defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due. All papers filed with the Court shall be promptly served on Plaintiff.

[3] If Plaintiff chooses to file an amended complaint, he must file a motion for leave to amend and attach the proposed amended complaint with the "FIRST AMENDED COMPLAINT" on the first page. In addition, Plaintiff is cautioned that an amended complaint completely replaces the original complaint, *see Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992), so he may not incorporate material from the original by reference; he must include in his amended complaint all the claims he wishes to pursue.

b. At the time the dispositive motion is served, Defendant shall also serve, on a separate paper, the appropriate notice required by *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc). *See Woods v. Carey*, 684 F.3d 934, 940-941 (9th Cir. 2012).

c. Plaintiff's opposition to the dispositive motion, if any, shall be filed with the Court and served upon Defendant no later than **January 8, 2027**. Plaintiff must read the attached page headed "NOTICE -- WARNING," which is provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc).

d. Defendant shall file a reply brief no later than **January 22, 2027**.

e. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

4. All communications by Plaintiff with the Court must be served on Defendant or his attorney, by mailing a true copy of the document to Defendant or his attorney.

5. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further Court order under Federal Rule of Civil Procedure 30(a)(2) is required before the parties may conduct discovery.

6. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address." He also must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Reasonable requests for an extension of a deadline will be allowed upon a showing of good cause if the request is filed prior to the deadline.

7. The Clerk shall correct the docket to indicate the sole named Defendant is San Mateo County Sherriff's Deputy Coleman. The Clerk shall remove "San Mateo County Sherriff Correctional Officers," "San Mateo County Jail," and "McGuire Correctional Facility" from the docket as defendants.

**IT IS SO ORDERED.**

Dated: September 3, 2026

Susan van Keulen
United States Magistrate Judge

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

If Defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in Defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.